Luce & Co., *S. en C.,* Plaintiff and Appellant, *v.* Rosario Cintrón de Capó, etc., Defendant and Appellee.

No. 5268.   Argued January 30, 1931.—Decided July 9, 1931.

*Tous Soto & Zapater* for appellant. *José A. Poventud, Alberto S. Poventud, F. Parra Capó,* and *E. Capó Cintrón* for appellee.

Mr. Justice Texidor delivered the opinion of the Court.

In this appeal taken by Luce & Co., *S. en C.,* a motion to dismiss the same has been filed by the appellee, which motion is, of course, entitled to precedence in its consideration and decision.

The grounds for dismissal relied on by the appellee are as follows:

That on January 20, 1930, the District Court of Guayama rendered and entered a final judgment dismissing the complaint.

That on the same day, notice of said judgment was served on counsel for the plaintiff, a copy of such notice being filed on the same date.

That the time for taking an appeal from that judgment was thirty days, and that the clerk of the District Court of Guayama received the notice of appeal from the plaintiff, by mail, on February 20, 1930, when the time for appeal had expired.

There is attached to the brief filed in support of this motion a certificate from the clerk of the District Court of Guayama which we deem it advisable to transcribe here. It is as follows:

"I, Tomás Pagán Colón, Clerk of the District Court for the Judicial District of Guayama, Puerto Rico,

"Do hereby certify: That on January 20, 1930, a final judg-

ment dismissing the complaint in this case was rendered and entered; that on the same date said judgment was notified in writing to attorney José Tous Soto, as the attorney for the plaintiff, the proper notice having been addressed or forwarded to him; that on the same day, January 20, 1930, a copy of the said notice of judgment was filed or attached to the record in the above-entitled case, which notice, literally transcribed as the same appears from the record, reads as follows:

" 'R. 574.—July 26, 1929.—3,000.—Atty. Gen. Form 31.—In the District Court for the Judicial District of Guayama, P. R.—Civil No. 7129.—Luce & Co., S. en C., Plaintiff, vs. Rosario Cintrón de Capó, now her succession, Defendant.—NULLITY OF RECORDS, DECLARATION OF OWNERSHIP OF REAL PROPERTY, AND INJUNCTION.—Notice of Judgment.—To José Tous Soto, attorney for the plaintiff. The undersigned Clerk hereby notifies you that on January 20, 1930, this District Court rendered a judgment in this case, which was duly entered in the proper book, as appears from the record of this proceeding, where you can acquaint yourself in detail with its contents. As you are or represent the aggrieved party in the judgment, from which an appeal may be taken, I serve this written notice on you and file a copy thereof, in accordance with section 2 of the Act amending sections 92, 123, 227, and 229 of the Code of Civil Procedure, approved March 9, 1911.—Guayama, P. R., January 20, 1930.—(Signed) Tomás Pagán Colón, Clerk of the District Court of Guayama, P. R.—Filed with the record of the case this 20th day of January, 1930.—(Signed) Pagán, Clerk'; and that on February 20, 1930, at 10 o'clock a. m., there was received and filed by the undersigned Clerk in his office a notice of the appeal taken by the plaintiff partnership from said final judgment, which notice of appeal was received by registered mail.

"At the request of Eduardo Capó Cintrón, who is one of the attorneys for the defendant, I issue this certificate, which agrees in all the particulars certified therein with the record of the case. Witness my hand and the seal of said Court, at Guayama, P. R., this 15th day of July, 1930.—(Signed) Tomás Pagán Colón, Clerk of the District Court of Guayama, P. R.—(Seal of the Court.) (There is a $1.00 excise-stamp canceled.) "

The motion is opposed by the appellant, which sets up:

1. That although the time for taking an appeal begins "after the entry of judgment," the period of one month is computed only from the filing of a copy of the notice.

2. That the statute requires that written notice be sent to the party, and that the filing of such notice is not proof of the mailing thereof.

3. That the notice is not served until deposited in the mail in due time, and that in the present case it does not appear from the record that the notice had been served.

4. That there must be an original of the notice served by mail and the clerk must certify to the mailing and service thereof, and that the mere addition to the record of a copy of the notice without the actual service thereof world be ineffective.

5. That the sending of the notice not appearing on the face of the copy filed, it is incumbent on the appellee to prove that fact.

There was attached an affidavit of Enrique A. Gómez to show that the notice of appeal had been deposited in the mail and registered at Ponce on February 17, and also a receipt for the registered letter. There were also exhibited:

(*a*) An affidavit of the clerk of the District Court of Guayama stating that the notice of judgment in this case was placed by him in the court's letter-box on January 20, 1930, but that he does not remember whether he did so in the morning or in the afternoon; and that several times, on the 17th, 18th, and 19th of February, 1930, attorney Eduardo Capó inquired of him whether the notice of appeal had been received, and on the 19th he asked him to certify that such notice had not been filed, which he refused to do because the day had not fully elapsed.

(*b*) An affidavit of attorney Fernando Zapater accompanied by two photographs that had been taken in the presence of affiant and of the clerk of the District Court of Guayama who had custody of the photographed envelope, which is the one forwarded from the legal firm of Tous Soto & Zapater to the clerk of the District Court of Guayama and contained the notice of appeal in the case at bar. The affiant states that on or about the 20th of February he called

at the office of the clerk of the District Court of Guayama and found from the judgment book that the judgment in this case had not been signed by the judge, and he called the attention of the clerk to that fact; that on the 20th and the 21st of January he was in charge of receiving and opening the mail in the law office of Tous Soto & Zapater and that he is sure that no notice whatever of the judgment rendered in the instant case had been received on any of the above dates, addressed either to that firm or to Don José Tous Soto. The photographs show the stamp and address on the face of the envelope and on the back thereof a postmark dated February 18, apparently of the post office at Guayama.

(c) Affidavit of attorney Fernando Beiró Rovira in which he states that on February 20, 1930, and at the request of attorney José Tous Soto, he applied to the postmaster of Guayama for an affidavit in regard to the mail service between Guayama and Ponce, which was refused, and that the said officer consented to write a letter, which is transcribed, to the effect that communication by mail between Guayama and Ponce is maintained as follows: the mail which leaves Ponce at 8 a. m. reaches Guayama between 11 a. m. and noon; that which leaves Guayama at 4 p. m. reaches Ponce between 7 and 8 p. m.; that which is despatched at Guayama at 5 p. m. and travels via Cayey reaches Ponce on the morning of the following day. That the postmaster assured him that such mail service was in operation on February 17, 1930. And that he knows the above of his own knowledge by reason of the fact that the affiant has resided in Guayama for many years.

(d) Certificate of Tomás Pagán Colón, clerk of the District Court of Guayama, which in its pertinent part reads as follows:

"In the District Court for the Judicial District of Guayama, P. R.—Civil No. 7129.—Luce & Co., S. en C., Plaintiff, vs. Rosario Cintrón de Capó, now her succession, Defendant.—NULLITY OF RECORDS, DECLARATION OF OWNERSHIP OF REAL PROPERTY, AND INJUNC-

TION.—Notice of Judgment.—To José Tous Soto, attorney for the plaintiff. The undersigned Clerk hereby notifies you that on January 20, 1930, this District Court rendered a judgment in this case, which was duly entered in the proper book, as appears from the record of this proceeding, where you can acquaint yourself in detail with its contents. As you are or represent the aggrieved party in the judgment, from which an appeal may be taken, I serve this written notice on you and file a copy thereof, in accordance with section 2 of the Act amending sections 92, 123, 227, and 229 of the Code of Civil Procedure, approved March 9, 1911.—Guayama, P. R., January 20, 1930.—(Signed) Tomás Pagán Colón, Clerk of the District Court of Guayama, P. R.—Filed with the record of the case this 20th day of January, 1930.—(Signed) Pagán, Clerk.''

(e) Another affidavit of Fernando Zapater in which he states that the clerk of the District Court of Guayama showed him the record of the present case where he saw Atty. Gen. Form 31, for the service of notice in the instant case, and the filing notation without a signature, to which he called the attention of the clerk; and that no return of the service by mail on the attorneys for the plaintiff-appellant appeared.

(f) The affidavit of Enrique A. Gómez already referred to.

(g) Affidavit of the postmaster of Guayama, Cornelio D. Vargas, stating that on February 18, 1930, while he was acting as such postmaster, two registered letters numbered 4143 and 4144, sent by Messrs. Tous Soto & Zapater, were received from Ponce; that on the same day he placed a notice for Don Eduardo Capó in his post-office box, and another notice for the district court in its mail, as it had no rented box, and such mail together with the notice was delivered to the janitor of the court, Jesús M. López, on the same day, the 18th; that Jesús M. López has authority from the clerk of the court to receive the mail addressed to such clerk including registered mail; that on February 20, he placed a second notice of the registered letter No. 4144, which was the one addressed to the clerk; that the janitor of the court delivered

the notice at the post office and was handed the registered letter and signed his name on the proper book.

The appellee filed counter-affidavits, as follows:

1. By attorney Francisco Parra Capó, a resident of Ponce, who as one of the attorneys for the defendant went to Guayama and made an investigation concerning the delivery of the registered letter from the plaintiff enclosing the notice of appeal and which was received by the clerk of the court on February 20, 1930.

2. By attorney Henry G. Molina, who states that on February 17, 1930, he sent to attorney Domínguez Rubio, of Guayama, an envelope with the proper postage containing an instrument to be recorded, and that he received an answer from attorney Domínguez Rubio dated February 20 acknowledging the receipt of said letter on that date, February 20.

3. By attorney C. Domínguez Rubio, stating that on February 20, he received a registered letter from attorney Molina dated the 17th of the same month, enclosing a document for record; and that he acknowledged the receipt thereof on the same day, and his letter of acknowledgment was answered under date of the 21st of the same month.

4. By Juana Desrivieres, an employee of Domínguez Rubio, corroborating the affidavit of the latter.

5. By Tomás Pagán Colón, clerk of the District Court of Guayama, stating that in the case in question a final judgment was rendered and entered on January 20, 1930, and that on the same day the affidavit caused to be sent by mail, after payment of postage, a notice of said judgment, which was deposited in the post office at Guayama and addressed to attorney José Tous Soto at Ponce, P. R., a copy of such notice being filed with the record of the case on the same day and whose text is transcribed as above. He further states that there is a regular communication by mail between Ponce and Guayama, and that he also enclosed in the envelope containing the notice to attorney Tous Soto

a copy of the opinion and of the judgment in the case. That on February 20, 1930, at 10 a. m., there was received by registered mail and filed by the affiant in his office a notice of the appeal taken by the plaintiff from the judgment of January 20, 1930.

6. By Jesús M. López, stating that he is the messenger of the District Court of Guayama and was such messenger on January 20, 1930; that at 4.30 p. m. on that day he deposited in the post office at Guayama a sealed envelope from the office of the clerk of the district court addressed to attorney José Tous Soto, Ponce, P. R., with the proper postage.

7. By Pablo Léctora, an officer in charge of the mail of the District Court of Guayama, who states that that court has no post-office box, nor did it have any in January or February, 1930, and the mail addressed to the court is called for, and was called for in January and February, every day by the court's messenger, who usually goes several times each day to the post office. He gives the name of Jesús M. López as that of the messenger.

8. By Jesús M. López, the messenger of the district court, who states that that court has no post-office box and that the affiant goes to the post-office to deliver or receive there the court's mail; that on the 18th, 19th, and 20th of February, 1930, he went to the post office at Guayama to call for such mail, and that neither on the 18th nor on the 19th was there any notice delivered to him of any registered letter for the court; that on February 20, 1930, at 9.30 a. m., he went to the post office and he was handed a notice of a registered letter, which he called for and received, and that he noticed that the name of the firm of Tous Soto & Zapater, attorneys, Ponce, appeared on the envelope, and that he signed the receipt and the book on February 20; that he immediately took to the court the mail which included the registered letter, and owing to the comments made by reason of the fact that it was the notice of the ap-

peal taken by the said attorneys, he noticed on the envelope three postmarks two of which showed that the envelope had been deposited in the post office at Ponce on February 17, 1930, and the other that it had been received in the post office at Guayama on the 18th of the same month.

9. By Fernando Texidor, a messenger in the office of the School Director of Guayama, Eduardo Capó Cintrón, who calls for the mail addressed to the latter. He states that on the 17th, 18th, and 19th of February, 1930, he went to the post office but failed to find any notice of registered mail on either of those days; that he did find such notice in the box on the 20th of February and took it to Mr. Capó Cintrón, who endorsed it, and the affiant withdrew a certified letter bearing the letterhead of attorneys Tous Soto and Zapater, which he delivered to Mr. Capó Cintrón.

10. By attorney Eduardo Capó Cintrón, stating that he is a party to the action and counsel with attorneys Poventud and Parra Capó; that the District Court of Guayama rendered a judgment in the case on January 20, 1930, and that as a defendant and attorney therein he was aware that the time for taking an appeal expired on February 19, 1930; that on the 20th of the same month the messenger, Fernando Texidor, on returning from the post office, delivered to him a notice of registered mail from the post office which he endorsed to the messenger and the latter brought then to him the registered letter with the letterhead of attorneys Tous Soto & Zapater, enclosing a copy of the notice of appeal from the judgment rendered in the case; that as he noticed that the date of the postmark was February 18, he went to the post office to investigate and was shown the registered-mail book where he noticed several other certificates, among them one addressed to attorney Domínguez Rubio and another to the clerk of the district court that had not been delivered; that on leaving the post office he saw coming up the messenger of the said district court and the affiant told him to take care that the current

·date was affixed, if the notice of appeal in the case was received; that on the same day, February 20, the affiant went to the district court and learned from the clerk that the notice of appeal in this case had not been received until the morning of February 20.

11. By Tulio Rodríguez, former Judge of the District Court of Guayama, who states that he rendered judgment in this case on January 20, 1930, which he signed before delivering it to the clerk the same day, and that on that day he signed the judgment book.

12. By Tomás Pagán Colón, clerk of the District Court of Guayama, who states that in his capacity as clerk, he received from Judge Tulio Rodríguez, on January 20, 1930, the judgment in this case rendered and signed by him; that he entered it on the same day and that on that date the judge signed the judgment book, and the affiant issued the notice and mailed it to attorney José Tous Soto, counsel for the plaintiff, filing with the record a copy of such notice bearing a filing notation dated January 20, 1930, over his signature; and that both the original and the copy of the notice were signed by the affiant. That no one had ever called his attention to the absence of any signature in the cases being prosecuted, or on the books, because the practice in his office is to sign the documents in any proceeding at once and to enter the judgments on the same day.

This case has been argued carefully and exhaustively by the parties. However, what principally concerns us in reaching a decision is the determination of certain points that are simple in themselves.

As regards the term.

It is unquestionable that the right legal definition of the word "month" is very important.

Section 7 of the former Civil Code provided:

"If in the laws, months, days, or nights are referred to, it shall be understood that the months consist of thirty days, the days of

twenty-four hours, and the nights from the setting to the rising of the sun.

"If the months are, referred to by name, they shall be computed by the number of days which they respectively contain."

This section has been textually reenacted in the Revised Civil Code (sec. 8).

In *Wolkers* v. *American R. R. Co. of P. R.*, 20 P.R.R. 379, 380, it was said:

"WHEREAS, pursuant to section 295 of the Code of Civil Procedure as amended by the Act of March 11, 1908, and Act No. 70 of March 9, 1911, an appeal from a final judgment may be taken within one month from the entry of judgment, which time begins to run from the date of the filing in the lower court of the copy of the notice of the judgment which the secretary of said court is required to serve, and pursuant to section 8 of the Civil Code in connection with subdivision 4 of section 392 of the Political Code, when months are spoken of in the statutes they shall be understood to be months of thirty days, wherefore the month allowed for taking the appeal in the present case expired on April 16 last."

The above doctrine has been confirmed in *Rivera·et al.* v. *Registrar*, 24 P.R.R. 396.

In *Noriega* v. *Heirs of Colón*, 40 P.R.R. 431, 432, this Court said:

"The applicable statute fixes the time for taking an appeal, as follows: 'Within one month after the entry of judgment,' (Subdivision 1, section 295 of the Code of Civil Procedure.)

"Section 8 of the Civil Code provides as follows:

" 'Section 8.—If in the laws, months, days, or nights are referred to, it shall be understood that the months consist of thirty days, the days of twenty-four hours, and the nights from the setting to the rising of the sun.

" 'If the months are referred to by name, they shall be computed by the number of days which they respectively contain.'

"Applying the above statutory rule, it must be concluded that the appellee is right. In the statute the time for taking an appeal is fixed at one month, without designating the month by name. This being so, the month granted consists of thirty days, in accordance with the section above cited."

All of which suffices for the instant case.

As to the forwarding of the notice by the clerk of the district court.

This is an element or matter of fact which we consider as sufficiently established. From the affidavits attached to the record, from the rebuttable and the conclusive presumptions, and from the weighing as a whole of the evidence submitted on this motion, we arrive at the following conclusions:

*a.* The judgment was rendered, signed, and entered on January 20, 1930.

*b.* The judgment was notified by the clerk by forwarding on January 20, 1930, a full and proper notice thereof by mail to attorney José Tous Soto, at Ponce.

*c.* A copy of the notice sent to counsel for the plaintiff was duly filed by the clerk of the District Court of Guayama on January 20, 1930.

Such is the conviction held by us as the result of the evidence.

As regards the delivery of the notice of appeal to the clerk of the District Court of Guayama.

Section 296 of the Code of Civil Procedure reads as follows:

"Section 296. An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney."

In the opinion in *Delgado et al.* v. *Hutchison,* 20 P.R.R. 452, 455–456, it was said:

"The filing with the secretary of the court of a paper must always be within the time limited by the statute unless the law specifically allows another method, and it would seem that up to the present time the statute of no state permits the mere depositing in the mail to take the place of a delivery to the secretary. A specific case to the contrary is found in Brooks v. Nevada Nickel Syndicate, 24 Nevada, 264, 52 Pac., 575; referred to in 2 Cyc., 873, note 67. That

a mere deposit in the mail does not bring the defendant within the time allowed for an appeal was the decision made by this court in the case of Sociedad Agrícola de Gurabo v. The Registrar of Property, 18 P.R.R., 788. And in the case of Patxot v. Nadal et al., 19 P.R.R., 350, this court held that the period of twenty days granted the appellant within which to file his amended complaint should be computed from the day after the order granting the same, and the said complaint must be deemed to have been filed on the day it was received by the secretary and not on the day it was deposited in the mail.''

The case of *Alvarez* v. *Succs. of C. & J. Fantauzzi*, 27 P.R.R. 488, was similarly decided.

Finally, in *J. González Clemente* v. *Torres*, 41 P.R.R. 680, 682–683, this Court said:

"There is no doubt that for the purpose of the filing of the notice of appeal with the clerk of the court, the date that governs is that of its receipt by that officer and not that of its mailing. The decision of this court in Delgado et al. v. Hutchison, 20 P.R.R. 452, is perfectly clear and conclusive, as is likewise that rendered in Alvarez v. Successors of C. & J. Fantauzzi, 27 P.R.R. 488.

"To put off the filing of a notice of appeal until the day before the expiration of the term and to expect that the clerk of the court will fetch it from the post office, is somewhat risky and outside the protection of the law. The clerk is an officer of the court and it is. not his duty to go to the post office to get registered mail from litigating parties. The latter have available, even within the postal service, means quite safe and speedy for delivering their writings into the hands of an officer, without the latter having to go and get them."

For the reasons stated, the appeal in the instant case must be and it is hereby dismissed.